Mrs. Lefferts Knox v. Commissioner.
Knox v. Commissioner
Docket No. 103257.
United States Tax Court
1943 Tax Ct. Memo LEXIS 147; 2 T.C.M. (CCH) 653; T.C.M. (RIA) 43388; August 18, 1943
*147 Clark J. Milliron, Esq., for the petitioner. Earl C. Crouter, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The question here is whether the petitioner is liable as a transferee of a transferee of the assets of the Estate of Edwin Burke, deceased, for deficiencies in income tax determined by the respondent against Burke in the amounts of $116,085.44, $22,089.08 and $55.98 for the years 1918, 1919 and 1920. The proceeding was submitted on the pleadings, on agreed statements made orally at the hearing, and on certain concessions of the respondent. [The Facts] The petitioner is a resident of Burlingame, California. Edwin Burke was a citizen of the United States and resided in the Philippine Islands from 1898 to the date of his death, November 9, 1929. Josephine Margaret Burke was the wife of Edwin Burke, and a sister of the petitioner. She died in San Francisco, California, on November 21, 1933. Neither the character of the assets composing the estate of Edwin Burke nor the value thereof nor the place where they or any part of them was situated is disclosed. Petitioner alleges that Josephine Margaret Burke received as such none of the assets of the estate *148 of Edwin Burke but only and by operation of law "usufruct" of an undisclosed value in his entire estate, the entire estate as such having gone to other persons as heirs, devisees or legatees of Burke. The respondent determined that the assets of the Estate of Edwin Burke, deceased, were transferred to Josephine Margaret Burke, deceased, about June 12, 1931, and that the assets of the estate of Josephine Margaret Burke were transferred to petitioner about December 31, 1934. He has further determined that there are deficiencies in the income tax of Edwin Burke, deceased, of $116,085.44, $22,089.08 and $55.98 for 1918, 1919, and 1920, respectively, and has proposed to assess said amounts against the petitioner as transferee of the assets of the estate of Josephine Margaret Burke, deceased, as transferee of the assets of the Estate of Edwin Burke, deceased. [Opinion] Under the provisions of section 1119(a) of the Internal Revenue Code, the burden was on the respondent to establish that Josephine Margaret Burke was a transferee of assets of the estate of Edwin Burke and that the petitioner was a transferee of assets of the estate of Josephine Margaret Burke. In order to discharge *149 that burden it was incumbent on him first to show as to Josephine Margaret Burke (1) that the passing to her of assets of the estate of Edwin Burke rendered that estate insolvent and unable to pay the claimed deficiencies, and (2) the value of the assets at the time she received them. Neither of these has been shown, and we therefore are unable to conclude that the estate of Josephine Margaret Burke was liable as transferee of assets of the estate of Edwin Burke. Since it has not been established that the estate of Josephine Margaret Burke was liable as transferee for the claimed deficiencies, it follows that the respondent has failed to establish that the petitioner was liable therefor as transferee of assets of the estate of Josephine Margaret Burke. At the hearing, counsel for the respondent stated that since proceeding against the petitioner herein the claimed deficiencies have been paid by other parties as a result of other proceedings. Since the respondent is entitled to collect the deficiencies but once, the foregoing would constitute an additional reason for holding for the petitioner. Decision will be entered for the petitioner.